*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEAL J. CAMPBELL,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellee,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendant.

UNPUBLISHED
January 15, 2026
1:20 PM

No. 371663
Clare Circuit Court
LC No. 2023-900342-NF

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

WALLACE, J. (*concurring*).

I concur with the decision of the majority only because we are bound by *Love v Rudolph*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 369895). I write separately because I believe that *Love* was wrongly decided and should be overturned by the Michigan Supreme Court. Specifically, MCL 500.3114(6) indicates that the clause at issue in *Love*, MCL 500.3109a(2), provides that other policies in the order of priority cover a person injured while riding a motorcycle that is involved in an accident with a motor vehicle, when that motor vehicle is insured by a policy of no-fault insurance containing an exclusion for allowable expenses under § 3109a(2). Section 3114(6) clearly provides the same priority procedure applies to policies "for which the person

named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or as to which an exclusion under section 3109(2) [sic: 3109a(2)] applies," yet this Court in *Love* mistakenly held that this priority procedure does not apply to a policy as to which an exclusion under § 3109a(2) applies, unless the injured motorcycle rider is one of the persons expressly excluded.

The argument made by State Farm in the present case is, essentially, the holding in *Love*. As noted in the majority opinion in this case, State Farm argues that:

> MCL 500.3114(6)'s pass-through or skipping provision applies to all MCL 500.3107d policies (which policies are not at issue in this case), but as to a policy where an exclusion under MCL 500.3109(2) has been taken, the pass-through only applies when the motorcyclist is the person contractually excluded from the allowable expense coverage. State Farm contends this is the case because while § 3107d allows insureds to not maintain PIP coverage at all, § 3109a(2) allows them to maintain PIP coverage with exclusions.

Again, that is precisely how this Court in *Love* interpreted § 3114(6).

I disagree with this interpretation of the language of § 3114(6).

> We interpret the words in the statute in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole. Statutory interpretation requires courts to consider the placement of the critical language in the statutory scheme. In doing so, courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory. [*Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (internal quotation marks and citations omitted) (brackets omitted).]

"If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019) (quotations marks and citation omitted).

The plain and ordinary meaning of the language of § 3114(6), establishes that the pass-through or skipping of § 3114(5) priority applies broadly to § 3109a(2) policies, not narrowly to the particular persons covered under such policies, as can be seen by emphasizing the pertinent statutory language here:

> *If an applicable insurance policy* in an order of priority under subsection (5) *is a policy* for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or *as to which an exclusion under section [3109a(2)] applies, the injured person shall claim benefits only under other policies,* subject to subsection (7), *in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority* or, if there is not a next order of priority, under the

assigned claims plan under sections 3171 to 3175. [MCL 500.3114(6) (emphasis added).]

Because the policy of the motor vehicle involved in the accident in *Love* was one to which an exclusion under 3109a(2) applied, § 3114(6)'s pass-through or skipping of § 3114(5) priority should have applied. Likewise, in the present case, because Bauswell's ACIA policy was one as to which an exclusion under § 3109a(2) applies, § 3114(6)'s pass-through or skipping of § 3114(5) priority should apply.

Because the injured motorcyclist will virtually always be a stranger to the owner, registrant or operator of the motor vehicle involved in the accident with them, it will virtually never be the case that a no-fault policy issued to such owner, registrant or operator of the involved motor vehicle would list the motorcyclist who was injured as an individual excluded from allowable expense coverage under the policy. *Love*'s interpretation of the language of § 3114(6)'s pass-through or skipping provision renders the inclusion of § 3109a(2) policies essentially extraneous and nugatory. "[C]ourts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Esurance Prop & Cas Co v Mich Assigned Claims Plan*, 507 Mich 498, 508-509; 968 NW2d 482 (2021).

As articulated by the trial court in the present case:

Initially, Ms. Bauswell's insurer (ACIA) would be the higher priority insurer because she was the owner and operator of the automobile in the accident. *However*, because of her [s]ection 3109a(2) exclusion, [p]laintiff "shall claim benefits only under other policies . . . in the same order of priority *for which no such election has been made*." The only relevant insurers in this case are State Farm and ACIA. Plaintiff's State Farm policy is the only policy that is due to pay benefits based on the "under other policies" language.

Due to the operation of § 3114(6), plaintiff's PIP claim skipped the priority of the ACIA policy for the motor vehicle involved in the subject accident (because of the § 3109a(2) exclusion) and plaintiff's State Farm motor vehicle policy became the next policy in order of priority, meaning that State Farm should be liable for plaintiff's PIP benefits. But, because of *Love*, ACIA is now liable for those benefits.

Because this Court in *Love* misinterpreted MCL 500.3114(6), I believe that the Michigan Supreme Court should overrule *Love* and hold as follows: when a person riding a motorcycle is injured in an accident involving a motor vehicle that is insured by a policy of insurance containing a valid exclusion under MCL 500.3109a(2), then MCL 500.3114(6) mandates that such injured person "shall claim benefits only under other policies, subject to subsection (7), in the same order

of priority for which no such election has been made" and "[i]f there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175."


/s/ Randy J. Wallace